TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00280-CR






Ronald Paul Blevins, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 49040, HONORABLE JOE CARROLL, JUDGE PRESIDING






 Appellant Ronald Paul Blevins appeals his conviction for aggravated sexual assault
of his wife. See Tex. Penal Code Ann. § 22.021 (West Supp. 2000). (1) A jury found appellant
guilty and assessed his punishment at ninety-nine years' imprisonment. Appellant complains that:
(1) the district court erred by admitting in evidence his "admission by silence," and (2) he did not
have effective assistance of counsel at trial. We will affirm.


BACKGROUND

 Because appellant does not challenge the sufficiency of the evidence, only a brief
recitation of the facts is needed. On May 24, 1998, in violation of a protective order issued
against him, appellant, armed with a pistol, entered the family home where his wife and their two
young children were sleeping. Appellant woke his wife and told her he wanted to have sex with
her. She resisted his advances. Appellant then ripped the nightshirt she was wearing and forced
her to sit at the kitchen table with him while he held her at gunpoint and threatened to kill her. 
Appellant prepared a syringe filled with methamphetamine and demanded she inject herself with
the drug. She refused, and appellant then took the drug himself. Appellant prepared another
syringe of the drug and told her to "either pick the needle or . . . pick the gun." She again
resisted taking the drug. Appellant then demanded she have sex with him and began performing
oral sex on her. A physical struggle ensued, and appellant gagged her with her nightshirt and
injected her with the syringe of methamphetamine against her will. Throughout that evening,
appellant continued to have sex with her without her consent.

 The next day, appellant's wife took the two children and left the home. She called
the sheriff's office and reported that appellant had raped her. Shortly thereafter, she filed for
divorce. During the criminal trial, appellant testified in his own defense and maintained that the
complainant took the drugs willingly and that the sex was consensual.


DISCUSSION

Inadmissible Evidence

 By his first issue, appellant alleges that the district court erred when it admitted in
evidence information that amounted to an "admission by silence." See Tex. R. Evid.
801(e)(2)(B); Crestfield v. State, 471 S.W.2d 50, 53 (Tex. Crim. App. 1971). Before the
criminal trial, the complainant filed for divorce. During the divorce hearing, she testified that
appellant had physically assaulted her prior to the night of the rape. Although appellant was
present at the hearing and had the opportunity to deny these allegations, he did not; instead, on
the advice of his criminal-defense attorney, he neither testified nor cross-examined his wife. (2)

 Appellant testified at his criminal trial. On cross-examination, the State asked him
whether the assault described in the divorce hearing had occurred. He denied the allegation. The
State then asked appellant whether his wife testified that the assault occurred; he confirmed that
she did. When the State asked if he had the opportunity to testify and refute this allegation,
appellant's trial counsel objected to the question; the objection was sustained. (3) The State again
asked appellant whether the complainant testified at the divorce hearing that the assault had
occurred. Appellant responded affirmatively. Again, the State inquired whether appellant took
the stand to deny the allegation. Appellant's trial counsel objected, and the court sustained the
objection and instructed the jury to disregard. (4) Concerning the night in question, the State asked
appellant whether the sex was consensual; he replied that it was. The cross-examination
proceeded:


[THE STATE]: Can I approach the witness, Judge?


THE COURT: Yes, sir.


[THE STATE]: I am looking at Page 23.


[APPELLANT'S COUNSEL]: Excuse me, Judge. If he is going to try to
impeach the witness -- 


THE COURT: We will take it up outside the presence of the jury.


[APPELLANT'S COUNSEL]: -- with another statement of somebody else.



 The State did not indicate to which document it was referring. The jury was
excused, and the cross-examination continued outside of their presence. Appellant was questioned
about the asserted prior assault and his failure to testify or cross-examine his wife at the divorce
hearing. On redirect examination, appellant's trial counsel asked him why he neither testified on
his own behalf nor cross-examined her. Appellant explained that his criminal-defense attorney
had advised him not to. Appellant's trial counsel then addressed the court:


Judge, I have no problem with asking if he asked questions or not, but I am going
to have a right, I think, to explain to the jury why. But I don't think it's proper
for the State to impeach him with the statements of other witnesses. If the witness
is there, they can bring her in and she can testify to whatever it is she wants to.
But to stand in front of the jury and try to impeach him with isn't it true because
she said it's true is not proper to use the testimony of another witness to impeach
this witness. And I am going to object to that part of it. They want to get into the
point about whether I advised him not to ask questions and not testify, and we will
battle that out. But I don't think it's proper to impeach a witness with a statement
of another witness and I object to it on those grounds. 



(Emphasis added.) The court responded:



Okay. What we have here is a situation where an accused person is present;
somebody in the presence of an accused person makes a statement. Under ordinary
circumstances, the accused person would deny it. The accused person doesn't
deny it, and by virtue of his silence, you want to hold that against him.


[THE STATE]: That's where we are going. It's an admission by silence, yes.


THE COURT: That's where you're going.



The discussion continued, and appellant's trial counsel stated:



I just want the Court to clarify for me what we're talking about. I mean he didn't
ask a question, and that's right, and I think that is fine; but to imply that that --
then to offer the testimony of the complaining witness in her divorce case before
this jury and then to make some implication that he agrees that it's true because he
didn't ask questions is what I am getting at. The fact he didn't ask questions I have
no problem because I am going to let him explain that to the jury too about why
he didn't. But the problem then becomes: this other thing, trying to say whether
it might be true if you didn't ask questions. And that's what I am objecting to. 



(Emphasis added.)

 The district court overruled trial counsel's objection and allowed the State to
question appellant about his wife's testimony from the divorce proceeding and the fact that
appellant did not refute her testimony at that hearing. Appellant now contends that this
"admission by silence" should have been excluded as hearsay, and as such, the district court erred
by allowing it in evidence. However, appellant never objected at trial on hearsay grounds. He
specifically objected on grounds of impeachment. Appellant admits that his objection "lack[ed]
clarity" but urges that because the objection was understood by both the district court and the
State, we should consider his issue. He directs us to Long v. State, 800 S.W.2d 545, 548 (Tex.
Crim. App. 1990), for the proposition that "even a general objection will not waive error if the
complaint is obvious to the trial court and the State." Appellant reads Long too broadly. Long
was accused of aggravated sexual assault of a child. See Long, 800 S.W.2d at 546. The
complainant had made outcry to her mother, and Long objected to the mother's testimony as
hearsay. See id. On appeal, he complained that "her testimony was hearsay and should not have
been allowed because the trial court failed to conduct a hearing to determine whether the statement
was reliable." Id. The court of appeals held that Long had not preserved error because his
general hearsay objection at trial was insufficient. See id. The court of criminal appeals
disagreed, holding that, in the context of the record, with the objection coming when it did, the
trial court could not have failed to comprehend Long's objection. See id. at 548. Here, we have
a specific objection that was consistently repeated by appellant. Even after the district court
concluded that the evidence would be an "admission by silence," which is an exception to
hearsay, (5) counsel restated his objection and again confirmed that he was objecting on impeachment
grounds. On appeal, however, appellant objects to this evidence as inadmissible hearsay. An
error presented for review on appeal must comport with the objection raised at trial or the error
is not preserved. See Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); Cantu v.
State, 994 S.W.2d 721, 732 (Tex. App.--Austin 1999, pet. granted); Tex. R. App. P. 33.1. Long
is inapplicable. 

 In addition, trial counsel specifically and repeatedly said he had "no problem" with
admitting the fact that appellant remained silent in the face of the accusation; rather, he objected
to the implication of this evidence. We find this argument to be without merit. Because appellant
did not present his claim to the district court, he waived the claim and has nothing to present for
review. See Tex. R. App. P. 33.1. We therefore overrule appellant's first issue.


Effectiveness of Counsel

 In his second issue, appellant complains that he did not have effective assistance
of counsel during trial. The State argues that appellant has waived any such error on appeal
because he did not present it to the district court as required by Texas Rule of Appellate Procedure
33.1(a). See Gonzalez v. State, 994 S.W.2d 369, 372-73 (Tex. App.--Waco 1999, no pet.). 
Without specifically overruling Gonzalez, the court of criminal appeals has made it clear that a
defendant's inaction at trial will not waive the right to make an ineffective-assistance-of-counsel
claim on appeal. See Robinson v. State, No. 1701-99, slip op. at 2-3 (citing Randle v. State, 847
S.W.2d 576, 580 (Tex. Crim. App. 1993)). The Sixth Amendment right to effective assistance
of counsel exists "to protect the fundamental right to a fair trial." Strickland v. Washington, 466
U.S. 668, 684 (1984); see Robinson, slip op. at 8. Although it does occur, it is unreasonable to
expect trial counsel to argue that he himself was ineffective when, as in this case, it is trial counsel
and not appellate counsel who files the motion for new trial. See Robinson, slip op. at 6 ("it
would be absurd to require trial counsel to litigate his own ineffectiveness in a motion for new
trial in order to preserve the claim for appeal"); see also Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997) ("mounting an ineffective assistance attack in a motion for new trial is
inherently unlikely if trial counsel remains counsel during the time required to file such a
motion"). "[I]n order to waive the Sixth Amendment right to counsel, the constitution requires
that a defendant do so competently, voluntarily, knowingly and intelligently." Robinson, slip op.
at 9 n.6 (citing Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997)). There is no
evidence in the record that appellant affirmatively waived his right to the effective assistance of
counsel. See id. There also was no meaningful or realistic opportunity for appellant to present
his ineffective-assistance-of-counsel claim to the district court either at trial or in a motion for new
trial. See id. We therefore will address appellant's ineffective-assistance claim.

 Appellant contends that his trial counsel was ineffective because he:



 failed to properly object to the admission of testimony concerning appellant's
silence at the divorce proceeding;

 failed to object to extraneous offense evidence alleging appellant had beaten his
wife on previous occasions;

 destroyed appellant's credibility by introducing inflammatory evidence
concerning appellant's accidental poisoning of his small child with
methamphetamine;

 failed to object to the prosecution's allegation that appellant fathered four
children out of wedlock and to his wife's testimony concerning this allegation;

 failed to object to the prosecution's questioning appellant about his lack of stable
employment history;

 failed to object to his wife's testimony concerning appellant's prior drug use;

 failed to object to his wife's testimony on rebuttal that appellant had previously
raped her on several occasions;

 failed to object to prosecutorial misconduct;

 permitted the trial to degenerate into a character assassination of appellant.




 We measure claims of ineffective assistance of counsel against the standard set forth
by the Supreme Court of the United States in Strickland v. Washington. (6) Adopted by the Texas
Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986),
and most recently applied in Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999),
Strickland sets forth a two-pronged test that requires the defendant to show both that his counsel
made serious errors and that those errors caused serious harm. See Strickland, 466 U.S. at 687. 
First, the defendant must show that counsel's performance was deficient, that is, counsel's
assistance fell below an objective standard of reasonableness. See Thompson, 9 S.W.3d at 812. 
Second, assuming the defendant has demonstrated deficient assistance, he must affirmatively show
prejudice. See id. The defendant must show with a reasonable probability that, but for counsel's
unprofessional errors, the result of the trial would have been different. See id. A reasonable
probability is considered a probability that is sufficient to undermine confidence in the outcome
of the trial. See id.; see also Hernandez, 726 S.W.2d at 55. The Strickland test is the benchmark
for judging whether counsel's conduct "so undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having produced a reliable result." Thompson, 9
S.W.3d at 812.

 When evaluating an ineffective-assistance claim, we look at the totality of the
representation and the particular circumstances of the case. See id. at 813; see also Ex parte
Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be
firmly founded in the record, and the record must also affirmatively demonstrate the alleged
misconduct. See Thompson, 9 S.W.3d at 813. Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim, and the appellate
court cannot conclude the conviction resulted from a breakdown in the adversarial process that
renders the result unreliable. See id.

 When determining if counsel's trial performance was deficient, we do not speculate
about trial counsel's strategy. See Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin
1998, no pet.). In addition, there is a strong presumption that trial counsel's conduct was within
the range of reasonable professional assistance. See Thompson, 9 S.W.3d at 814; Mayhue, 969
S.W.2d at 510. The defendant carries the burden of overcoming this presumption and is required
to prove by a preponderance of evidence that counsel was ineffective. See Thompson, 9 S.W.3d
at 814. This burden requires the defendant to bring forward a record from which we may discern
that trial counsel's performance was not based on sound strategy. See Mayhue, 969 S.W.2d at
511 (citing Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994)). Without an
evidentiary hearing on the issue, the burden is difficult to meet. "Rarely will a reviewing court
be provided the opportunity to make its determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving such a serious allegation." 
Thompson, 9 S.W.3d at 813. As the Thompson court noted, in the majority of cases, the record
on a direct appeal is simply underdeveloped and cannot adequately reflect the failing of trial
counsel. See id. This case is among the majority and does not prove to be one of the rare
exceptions where on direct appeal the record is sufficiently developed to prove ineffective
assistance of counsel.

 In this case, we have no record from which we may discern trial counsel's strategy. 
Although appellant filed a motion for new trial, he did not address any of the alleged deficiencies
that he urges now on appeal. (7) Nothing in the trial record reveals counsel's trial strategy with
regard to the above-enumerated acts and omissions, which appellant alleges show the
ineffectiveness of counsel's representation. In the absence of such a record, appellant cannot in
this direct appeal overcome the strong presumption that his trial counsel's strategy was reasonable
from counsel's perspective at trial. (8) The record before us is insufficient to support such a
conclusion. See Mayhue, 969 S.W.2d at 511. Therefore, we overrule appellant's second issue.


CONCLUSION

 Having overruled all of appellant's issues, we affirm the district court's judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 27, 2000

Publish

1.   This statute was modified by 1999 legislation. See Act of June 18, 1999, 76th Leg., R.S.,
ch. 417, § 1, 1999 Tex. Gen. Laws 2752, 2752-53. Because the amendment does not affect this
case, we will cite to the current code for convenience.
2.   Appellant represented himself in the divorce; however, according to appellant, his criminal-defense attorney was present at the hearing and gave him advice. 
3.   Appellant's counsel did not state the grounds for his objection; nor did the judge state why
he sustained the objection.
4.   Again, appellant's counsel did not state the grounds for his objection; nor did the judge state
why he sustained the objection.
5. See Tex. R. Evid. 801(e)(2)(B); Crestfield v. State, 471 S.W.2d 50, 53 (Tex. Crim. App.
1971).
6.   466 U.S. 668 (1984).
7.   Although the record indicates a hearing on the motion for new trial was scheduled, the
record does not reflect whether a hearing was actually held.
8.   Appellant still has recourse. The general doctrine that forbids an application for writ of
habeas corpus after direct appeal does not apply to this situation, and therefore, appellant may
resubmit his claim by means of an application for writ of habeas corpus. See Thompson, 9
S.W.3d at 814; see also Jackson v. State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird,
J., concurring).

.

 When determining if counsel's trial performance was deficient, we do not speculate
about trial counsel's strategy. See Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin
1998, no pet.). In addition, there is a strong presumption that trial counsel's conduct was within
the range of reasonable professional assistance. See Thompson, 9 S.W.3d at 814; Mayhue, 969
S.W.2d at 510. The defendant carries the burden of overcoming this presumption and is required
to prove by a preponderance of evidence that counsel was ineffective. See Thompson, 9 S.W.3d
at 814. This burden requires the defendant to bring forward a record from which we may discern
that trial counsel's performance was not based on sound strategy. See Mayhue, 969 S.W.2d at
511 (citing Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994)). Without an
evidentiary hearing on the issue, the burden is difficult to meet. "Rarely will a reviewing court
be provided the opportunity to make its determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving such a serious allegation." 
Thompson, 9 S.W.3d at 813. As the