**Charles Ray LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 602–89.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1990.

---

James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lynne W. Parsons and Donna Cameron, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of aggravated sexual assault pursuant to V.T.C.A. Penal Code § 22.021(a)(1)(B). The trial court sentenced him to ten years in the Texas Department of Corrections.[1] His conviction was affirmed by the Court of Appeals. *Long v. State*, 770 S.W.2d 27 (Tex.App.—Houston [14th] 1989). This Court granted appellant's petition for discretionary review to determine whether his hearsay objection was sufficient to preserve error for purposes of appellate review. See Tex.R.App.Proc. 200(c)(3) & (4).

The record reflects that the four year old complainant had spent the night of November 3, 1986, with her father and his friend, the appellant. When her father brought her home the next morning, her mother discovered blood on the child's underwear and scratches and swelling on her genitalia. The complainant told her mother that appellant and her father had "messed" with her. At trial, appellant objected to the mother's testimony on hearsay grounds. He complained on appeal that her testimony was hearsay and should not have been allowed because the trial court failed to conduct a hearing to determine whether the statement was reliable, and so the mandatory requirements of V.A.C.C.P., Article 38.072 were not followed. The Court of Appeals held his objection did not comport with his complaint on appeal because a "general" objection to hearsay is not sufficient to preserve error for review. Thus, the court below never addressed the merits of his point of error.

In his petition to this Court, appellant asserts that Art. 38.072 is applicable be-

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

cause his conviction was obtained pursuant to V.T.C.A. Penal Code, § 22.021(a)(1)(B).[2] Appellant further alleges that because Art. 38.072 specifically addresses hearsay statements of children, his objection to hearsay should have sufficed to invoke its procedures. He argues that merely because he did not specify that his objection was lodged pursuant to that statute does not deprive him of review on appeal. We agree.

 Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R.Crim.Evid. 801(d). Our rules provide that "[h]earsay is not admissible except as provided by statute or these rules." Tex.R.Crim.Evid. 802. Article 38.-072 specifically provides a statutory exception which allows the State to introduce testimony which would otherwise be inadmissible as hearsay. In order to fall within this statutory scheme, however, the evidence must be admitted pursuant to the statute's provisions.

Article 38.072 establishes a specific procedure which, if complied with, allows statements otherwise excludable because of our hearsay rules to be admitted at trial pursuant to a statutory exception. The statute provides in pertinent part:

2(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement;

(3) the child testifies or is available to testify at the proceeding in court or at any other manner provided by law.

The language of the statute indicates the testimony is only admissible as a statutory exception to the hearsay rule if its procedures are followed. Therefore, in the prosecution of an offense pursuant to those set forth in Art. 38.072, Sec. 1, the provisions of the statute, including the notice and hearsay requirements, are mandatory, and must be complied with in order for a statement to be admissible over a hearsay objection. The statute was applicable to this proceeding because appellant's conviction was obtained pursuant to V.T.C.A. Penal Code, § 22.021(a)(1)(B); therefore, in order to apply the statute to the prosecution of this case, the State was obligated to comply with its provisions in order to properly designate the complainant's mother as the person who would testify as to what the child told her. Compliance with the statute is necessary in order to render the testimony admissible. *Villalon v. State*, 791 S.W.2d 130 (Tex.Cr.App.1990);[3] *Buckley v. State*, 786 S.W.2d 357 (Tex.Cr.App.1990).

In the instant case, there is no indication the State satisfied the statutory predicate or the trial court complied with the statute. The Court of Appeals held only that the hearsay objection was insufficient because it was a "general" objection and did not comport with his complaint on appeal. Their opinion does not discuss whether the State met the predicate of Art. 38.072 by notifying appellant of its intention to use the testimony of the complainant's mother, and providing him with a summary of her

---

**2.** Article 38.072 specifically provides in pertinent part:

Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);....

**3.** In *Villalon* it was clear from the record that the State had complied with the statute by giving the required fourteen day notice and written summary to the defendant. At 136.

statement within the time period required by the statute. As proponent of the evidence, the State had the burden to satisfy each element of this predicate for admission of the mother's testimony pursuant to Art. 38.072, *Villalon*, at 135–36, or to provide some other exception to the hearsay rule. Appellant did not waive his right to appellate review by failing to specifically cite to the statute or to request a hearing where the statute pertains only to hearsay statements of child abuse victims.

 We acknowledge our rule that an objection must be specific in order to inform the trial judge of the basis of the objection and to afford counsel the opportunity to remove the objection or supply other testimony. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App.1977). The instant objection is unlike those in such cases as *Lewis v. State*, 664 S.W.2d 345 (Tex.Cr.App.1984), where the only objection voiced was: "Now, Your Honor, I object to that. That is clearly improper. Counsel knows that. And I object most strenuously." The objection in *Lewis* lacked specificity because it informed nobody of the basis of the complaint. However, even a general objection will not waive error if the complaint is obvious to the trial court and the State. *Carter v. State*, 717 S.W.2d 60, 76 (Tex.Cr.App.1986); *Zillender, supra.* This is also consistent with the applicable rule of evidence. Tex.R.Crim.Evid. 103(a)(1) provides that there is no error in admitting evidence unless a party's substantial right is affected and "[i]n case the ruling is one admitting evidence, a timely objection ... appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." In the context of this record, where the objection was raised immediately before the child's mother began to testify as to what her daughter told her, we cannot imagine that the trial court somehow failed to comprehend the nature of appellant's hearsay complaint. Appellant's objection adequately apprised the trial court of the basis of his complaint regarding the testimony, namely that the evidence was hearsay, thereby preserving his objection for purposes of appellate review. A hearsay ob-

jection as in this instance is not a "general" objection as defined in *Zillender*.

Appellant preserved error by raising an objection to hearsay. The burden then became the State's to show the evidence was admissible pursuant ·to either the provisions of Art. 38.072 or to some other exception to the hearsay rule. However, because the trial court immediately overruled the objection, instead of immediately convening a hearing, the State was not required to indicate whether any exception was applicable, or to even show it had complied with the provisions of the statute. On appeal, appellant argued not only noncompliance with the statute, but also that the evidence was hearsay and should not have been admitted because the trial court failed to hold the required hearing to determine its reliability. This argument adequately comported with the trial objection.

The Court of Appeals addressed neither the merits of appellant's hearsay complaint nor his argument that Art. 38.072 was violated. We hold appellant is entitled to review of his contentions. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for proceedings consistent with this opinion.

BERCHELMANN and STURNS, JJ., not participating.