David **KROOPF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–97–338 CR.

Court of Appeals of Texas, Beaumont.

Submitted April 3, 1998.

Decided April 15, 1998.

David W. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln Thompson, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury convicted David Kroopf of possession of marijuana. The trial court sentenced him to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. Kroopf brings three points of error.

In his first point, Kroopf argues the evidence was legally insufficient to sustain his conviction. The standard of review of the sufficiency of the evidence is whether, viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is applicable to both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991).

In order for the State to meet its burden, and establish that the evidence was sufficient to support a verdict of guilt, it must meet two evidentiary requirements: first, the State must prove that Kroopf exercised actual care, control and management over the contraband; and second, that Kroopf had knowledge that the substance in his possession was contraband. *King v. State,* 895 S.W.2d 701, 703 (Tex.Crim.App.1995)(citing *Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim.App.1988)).

When an accused is not in exclusive possession of the place where contraband is found, it cannot be concluded he had knowledge or control over the contraband unless there are additional independent facts and circumstances which affirmatively link him to the contraband. *Brown v. State,* 911 S.W.2d 744, 748 (Tex.Crim.App.1995). "This Court has recognized the following as factors tending to establish affirmative links: (1) the contraband was in plain view; (2) the accused was the owner of the premises in which the contraband was found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in close proximity to the accused; (5) a strong residual odor of the contraband was present; (6) paraphernalia to use the contraband was in view or found near the accused; (7) the physical condition of the accused indicated recent consumption of the contraband in question; (8) conduct by the accused indicated a consciousness of guilt; (9) the accused had a special connection to the contraband; (10) the place where the contraband was found was enclosed; (11) the occupants of the premises gave conflicting statements about relevant matters; and (12) affirmative statements connect the accused to the contraband." *Nixon v. State,* 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.)(citing*Dixon v. State,* 918 S.W.2d 678, 681 (Tex.App.—

Beaumont 1996, no pet.); *Watson v. State,* 861 S.W.2d 410, 414–15 (Tex.App.—Beaumont 1993, pet. ref'd)).

██ The record reveals the following facts. Officer Leslie Apple of the Beaumont Police Department received information from an informant that Kroopf was keeping marihuana and methamphetamine in apartment # 414 at a particular street address in Beaumont. His girlfriend, Donna Krenek, was the registered tenant of the apartment. Apple and her partner, Sergeant Breaux, met with the informant and set up a surveillance of the apartment. They observed the informant go into the apartment and stay there for a while. The informant then exited the apartment and relayed information to Apple and Breaux. The officers left to obtain a search warrant. Apple asked Sergeant Jimmy Ellison to help her in executing the warrant. He set up surveillance of the apartment. While Apple was en route back to the apartment with the entry team, Sergeant Ellison notified her that Kroopf had left the apartment. He observed Kroopf walk away from the apartment complex from the vicinity of apartment # 414. Kroopf drove away and eventually pulled into a driveway in a residential neighborhood. Ellison followed him and pulled up behind him in the driveway. Ellison informed Kroopf that he was stopping him in reference to a search warrant that was about to be executed. Ellison stated Kroopf acted "extremely nervous." Police officers then arrived and Kroopf was taken back to the apartment. Ellison searched Kroopf's car and found exotic dancing attire, a clothing display rack, a huge number of shoes and a lot of personal papers. Ellison found a letter in the car addressed to Kroopf that made reference to Kroopf's residence as being apartment # 414.

Apple searched the apartment and found marihuana in a kitchen cabinet and in a tapestry bag in a closet. She also found paper commonly used to roll marihuana and other drug paraphernalia located in a luggage bag and on a night stand in the apartment. Other items she found included numerous letters addressed to Kroopf, men's clothing, a picture of him sitting at a table with what appears to be marijuana, his business cards, a luggage bag containing a prescription pill bottle with Kroopf's name on it and also containing women's lingerie, Acculab scales used to measure ounces or grams, and baggies commonly used by drug dealers and users. Apple testified she believed Kroopf had care and control of the apartment based on information she received and because the legal tenant was in a correctional facility in Austin and the apartment was secured with Kroopf having access to it. Exotic dancing attire was also found in the apartment; Kroopf told Sergeant Ellison he was in the business of selling exotic dancing clothing.

Viewing all of the evidence described above in the light most favorable to the prosecution, we find a rational trier of fact could have found beyond a reasonable doubt that Kroopf exercised care, control and management over the contraband and had knowledge the substance in his possession was contraband. Also, there are independent facts and circumstances affirmatively linking Kroopf to the contraband. These include contraband found in a bag in a closet where his personal belongings were kept; the contraband was conveniently accessible to Kroopf; paraphernalia to use the contraband was found in luggage with Kroopf's personal belongings; his conduct indicated a consciousness of guilt; and the place where the contraband was found was enclosed and locked up, with Kroopf having access to the small one-bedroom apartment. These facts affirmatively link Kroopf to the marihuana. Point of error one is overruled.

In his second point, he argues the trial court erred in denying his motion for instructed verdict. In his brief, Kroopf argues that because the evidence was legally insufficient to support his conviction, that his motion for instructed verdict should have been granted. Because we have found the evidence was sufficient to support his conviction, we also overrule point of error two.

██ In his third point of error, Kroopf argues the trial court erred in admitting, over his objection, a letter constituting hearsay. The letter, sent to Kroopf by a jail inmate and found in Kroopf's vehicle, contained the following statement:

I wanted to let you know that you are approved now on my visiting list as my uncle and Donna Krenek is approved as my cousin both of you are listed as living at ... in # 414 Beaumont, Tx.

Prior to the State introducing the letter into evidence, Kroopf tendered the envelope which had contained the letter into evidence in an attempt to show that his address was not apartment # 414 in Beaumont. In its brief, the State argues the letter is admissible under rules 106 and 107 of the Texas Rules of Criminal Evidence.[1] At trial, however, the State did not respond to Kroopf's hearsay objection. Even though the statement may be admissible as an exception to the hearsay rule, it was the burden of the State, as a proponent of the evidence, to invoke the exception. *Moreno v. State*, 858 S.W.2d 453 (Tex.Crim.App.1993); *Smith v. State*, 779 S.W.2d 417, 430 (Tex.Crim.App. 1989). The trial court "thereby fell into error in admitting plain hearsay testimony." *Dorado v. State*, 843 S.W.2d 37, 38 (Tex. Crim.App.1992).

■ TEX.R.APP. P. 44.2(b) requires that error that does not affect substantial rights must be disregarded. We find the trial court's error in admitting the letter did not affect Kroopf's substantial rights because the other evidence admitted at trial and detailed above in point of error one sufficiently linked Kroopf to the contraband. Point of error three is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

---

1. "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may at that time introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. 'Writing or recorded statement' includes depositions." TEX.R.CRIM. EVID. 106,

"When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation, writing or recorded statement is given in evidence, any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence. 'Writing or recorded statement' includes depositions." TEX.R.CRIM. EVID. 107.