**Herbert Hubert COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–00–046 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 21, 2000.

Decided Nov. 1, 2000.

Jess Williams, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Appellant was charged with Aggravated Robbery by assaulting his seventy year old uncle and thereafter driving off in the uncle's truck. Appellant elected to be sentenced by the trial court which assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a term of twenty-five (25) years. The lone appellate issue presented for our consideration contends the evidence was legally insufficient to sustain the conviction. More specifically, appellant contends that the State failed to prove that appellant had the requisite intent to deprive the owner of the property permanently, and that there was no evidence "that defendant hit the owner of the truck for the purpose of taking that truck." We briefly recount the facts which are not in dispute.

Appellant, who had been recently paroled from prison, was living with his uncle and aunt. On the day in question, the uncle, and victim of the offense, went to his mother's house to fix her fence. The victim took appellant along in order to help with the work. As the victim was about to put a fence post into the ground, appellant, who had been standing behind the victim, struck the victim from behind. There had been no warning at all and appellant seemed fine up to the time of the assault. At any rate, after the initial blow, a struggle ensued and both men fell to the ground. Appellant continued striking the victim with the victim continuing to ask appellant, "What's the matter?" Appellant did not reply.

When the victim released his grip on appellant, appellant stood up and went to the victim's truck which was parked in the driveway. The next thing the victim observed was appellant driving down the street in his truck. The victim walked about two blocks to where another nephew was working and this nephew called "911." The police arrived and the victim explained what had happened.

Approximately one hour later, appellant was arrested in Lumberton on an unrelated charge of public intoxication. The vic-

tim's truck had broken down and appellant was observed under the hood of the vehicle apparently trying to repair it. Following appellant's arrest for public intoxication, the victim's truck was towed. We assume that the status of the truck having been stolen from the victim was discovered by the Lumberton authorities because the truck was eventually returned to the victim.

█ In determining whether legally sufficient evidence is contained in an appellate record to support a conviction, the reviewing court must determine whether, after reviewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found all of the elements proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the instant case, appellant focuses our inquiry on the alleged lack of legally sufficient evidence to prove appellant intended to deprive his uncle of the truck permanently, and the alleged lack of a *nexus* between the assault and the taking of the truck.

█ Appellant's complaint of the lack of "intent to deprive" evidence was also raised in *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App.1981). The *Griffin* Court responded thusly:

> It must be remembered that the element which must be proved is not a deprivation, but the defendant's *intent* to deprive at the time of the taking. The fact that the deprivation later became temporary does not automatically mean that there was no *intent* to deprive permanently or for so long as to satisfy the statutory definition.

*Id.* at 159. Furthermore, as we have previously observed, proof of a completed theft is not required. *Patterson v. State*, 980 S.W.2d 529, 531 (Tex.App.—Beaumont 1998, no pet.). "While an intent to steal must be shown in order to prove an attempted theft, this intent may be inferred from circumstantial evidence." *Wolfe v.*

*State*, 917 S.W.2d 270, 275 (Tex.Crim.App. 1996). In the instant case, the record reflects appellant intended to deprive his uncle of the truck. The only reason appellant was apprehended as easily as he was appeared to be because the truck broke down. Appellant had left the city limits of Beaumont. Clearly, the inference was that appellant intended to keep the truck indefinitely. Legally sufficient evidence exists in the record as to this element of the offense.

We turn now to the "nexus" issue. We first note that the Court of Criminal Appeals has held that the term "in the course of committing," as used in the capital murder statute, has the same meaning as the term used and defined in the robbery statute. *Ibanez v. State*, 749 S.W.2d 804, 807 (Tex.Crim.App.1986); *Riles v. State*, 595 S.W.2d 858 (Tex.Crim.App.1980). Turning this holding somewhat on its head, we will use language taken from capital murder cases, which discuss the issue of whether or not the *murder* took place "in the course of committing" a robbery, in order to determine, for our purposes, whether the *assault* of the victim took place "in the course of committing" the theft of the victim's truck, as alleged in the indictment.

█ Generally, the offense of robbery (as charged in the instant case) requires proof that appellant 1) assaulted the victim and 2) intended to obtain or maintain control of the victim's property prior to or during the assault. *See Zimmerman v. State*, 860 S.W.2d 89, 93 (Tex.Crim.App.), *vacated on other grounds*, 510 U.S. 938, 114 S.Ct. 374, 126 L.Ed.2d 324 (1993). As such, the State must prove a nexus between the assault and the theft, that is, that the assault occurred in order to facilitate the taking of property. *See Moody v. State*, 827 S.W.2d 875, 892 (Tex.Crim.App. 1992). The point at which the accused developed the requisite intent to commit the theft is critical, for the evidence must show that he intended to take the victim's property before, or as, he assaulted the victim. *See Nelson v. State*, 848 S.W.2d

126, 131–32 (Tex.Crim.App.1992). Therefore, proof that the taking was an afterthought fails to satisfy this criteria. *See Alvarado v. State,* 912 S.W.2d 199, 207 (Tex.Crim.App.1995). Yet, in determining what appellant's intent was at the time, one must not forget that a fact finder is free to look to the conduct of the accused and make reasonable inferences therefrom. *See Robertson v.. State,* 871 S.W.2d 701, 705 (Tex.Crim.App.1993).

In the instant case, the only evidence of appellant's conduct in the record before us from which the jury could make a reasonable inference was the assault and subsequent theft of the victim's truck. We have no further testimony of appellant's conduct other than from the Lumberton police officer who believed appellant was mentally impaired in some way so that an arrest for public intoxication was justified. Appellant's testimony at trial was completely exculpatory and self-serving and the jury was free to reject his explanation for his actions. For our purposes as the reviewing court, the question becomes whether any rational trier of fact would be justified in finding, from the evidence as a whole, that appellant intended to take the victim's truck before, or as, he assaulted the victim.

Unfortunately, a close reading of case law regarding "nexus evidence" indicates that many cases are "proven" by vague inferences from the evidence as a whole, rather than by direct or solid circumstantial evidence. At first blush, the Court of Criminal Appeals seemed to set out a bright-line rule when presented with such an issue as we have before us. That rule was essentially stated as: Evidence will be sufficient to prove that, either before or at the time of the assault, the accused had already formed the intent to take his victim's property if the State proves that the theft occurred *immediately* after the assault. *See McGee v. State,* 774 S.W.2d 229, 234 (Tex.Crim.App.1989); *see also Huffman v. State,* 746 S.W.2d 212, 217 (Tex. Crim.App.1988). However, the Court clarified its position on the "rule" set out in

*McGee* and *Huffman* in *Nelson v. State, supra.* We quote the following from *Nelson,* a capital murder case:

> Appellant refers us to two of our recent treatments of this issue and complains that we seem to be suggesting that in all cases where there is evidence that a theft occurs after the victim is murdered this evidence will support a jury finding of murder in the course of a robbery. *See* [*Huffman* and *McGee* ]. It is true that in both of the above-cited cases we stated that the evidence will be sufficient if the State proves that a **robbery** of the victim occurred immediately after the murder of the victim. *Huffman,* 746 S.W.2d at 217, and *McGee,* 774 S.W.2d at 234. However, as should have been plain from our analysis of the evidence in both decisions, and, as we stated in *White v. State,* 779 S.W.2d 809, at 815 (Tex.Cr.App.1989):
>
> > the point at which appellant formulated his intent to take his victim's property is critical to differentiating, in the abstract, between his commission of capital murder in the course of robbery and his commission of first degree murder, followed by theft.... Therefore, the ultimate question before us in this case is whether **any** rational trier of fact would be justified in finding from the evidence as a whole, that appellant intended to take [his victim's] property before, or as, he murdered her.

*Nelson,* 848 S.W.2d at 131–32. (emphasis in original)

■ In the instant case, the victim's wife testified that appellant lived with her and the victim for "just a few days." There is no further testimony as to appellant's financial status, nor any testimony that appellant had admired the victim's truck or coveted any of the victim's property during that time. As we read *Nelson,* the immediacy of the theft following the assault is a factor to be considered, but absent other evidence from which to infer at what time appellant developed the requisite intent to take the truck, we cannot say that any rational trier of fact could

have found that element of robbery proven beyond a reasonable doubt.[1] Appellate issue one is sustained.

 Our sustaining of appellant's issue one results in acquittal of appellant on the robbery conviction. However, appellant requested that an instruction on the lesser included offense of misdemeanor assault be submitted to the jury. The trial court granted this request. We are, therefore, permitted to reform the judgment to reflect a conviction for the lesser included offense of Assault (Class A). As reformed, the judgment of conviction is affirmed as to the adjudication of guilt. TEX.R.APP.P. 43.2(c); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App.1993). We reverse that portion of the judgment assessing punishment, and remand the cause for a new trial as to punishment only. TEX.CODE CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp. 2000).

REFORMED, AND AS REFORMED, AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

1. Perhaps when confronted with questionable nexus evidence, trial courts may cautiously consider additional instruction to minimize any "blurring effect" created by the State's failure or seeming failure to proffer satisfactory proof of intent prior to or during the assaultive conduct. *See Hall v. State*, 970 S.W.2d 137 (Tex.App.—Amarillo 1998, pet. ref'd). Thus, we tread on delicate ground for we must indeed give total deference to a jury's credibility determination, however, not so as to the presence or absence of requisite legally sufficient evidence establishing the elements of the alleged offense.