Affirmed and Opinion filed January 20, 2004









Affirmed and Opinion filed January 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00185-CR

____________

 

JORGE NALDA ORTEGA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1135725

 



 

O P I N I O N

The jury found appellant guilty of the misdemeanor offense
of assaulting a family member.  The trial
court assessed punishment at confinement for one year in the Harris County Jail
and a $2,000 fine.  In three issues,
appellant contends that (1) the trial court erred in admitting hearsay
testimony without requiring the State to give an exception to the hearsay rule,
(2) the evidence was legally insufficient to support his conviction, and (3)
during the punishment phase, the trial court improperly admitted evidence of
threats made by appellant.  We affirm.

 








FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2002, appellant and complainant, appellant=s sixteen-year-old son, had a
verbal confrontation in the parking lot of a strip club.  Appellant and complainant left the parking
lot in separate vehicles and returned to their apartment.

At the apartment, appellant went to complainant=s room and pushed complainant
in the chest three times and punched him in the mouth, knocking complainant
onto his bed.  Appellant twice threw a
wooden stool at complainant, but complainant deflected it both times.  At that point defendant held complainant down
with one arm, told him ADon=t stand up to me,@ and punched him in the
face.  Complainant then called the
police.

At trial, the State called an arresting officer as its sole
witness.  Appellant repeatedly objected
to testimony from the officer as to what complainant told him at the scene on
the ground that the testimony was hearsay. 
The trial court immediately overruled the objections, without any
response from the State.  The jury found
appellant guilty.  During the punishment
phase, the State did not call any witnesses, but cross-examined appellant
regarding threats he allegedly made toward his wife, the officer who
investigated a claim made by his wife, and the officers who arrested him for
the current offense.  Appellant denied
making the threats.  The trial court
assessed punishment at confinement for one year, the statutory maximum, and a
fine of $2,000. 

ANALYSIS

I.        Alleged
hearsay testimony.

In his first issue, appellant contends the court erred in
admitting hearsay testimony.  The trial
court admitted the testimony over appellant=s objection without requesting
a response from the State.  Because the
parties do not contest that the testimony was hearsay or that it fell within
the excited utterance exception, the only issue before us is whether the trial
court erred in not requiring the State to respond that the testimony fell
within the exception.








The decision to admit evidence is within the discretion of
the trial court.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  If a party raises an objection to
hearsay testimony, the burden shifts to the offeror
to show the testimony is admissible pursuant to an exception to the hearsay
rule.  Cofield
v. State, 891 S.W.2d 952, 954 (Tex. Crim. App.
1994).  Even if an offered exception to
the hearsay does not apply, we will affirm if the evidence is admissible on any
ground.  Kipp
v. State, 876 S.W.2d 330, 337 (Tex. Crim. App.
1986). 

Relying on two cases from the Beaumont Court of Appeals,
appellant claims the trial court erred when it did not require the State to
respond to appellant=s objection.  We acknowledge the Beaumont Court of Appeals
has held that when the State has not met its burden of showing an exception to
the hearsay rule when the trial court admits the hearsay testimony without requiring
the State to respond.[1]  Patterson v. State, 980 S.W.2d 529,
532 (Tex. App.CBeaumont 1998, no pet.); Kroopf v. State, 970 S.W.2d 626, 629 (Tex.
App.CBeaumont 1998, no pet.).  However, one justice dissented in the Patterson
case; we agree with that dissent in which he concluded that Aabsent a specific request, or a
mandatory statute or rule explicitly to the contrary@ a party proffering hearsay is
not required to volunteer how the hearsay is admissible.  Patterson, 980 S.W.2d at 535 (Walker,
C.J., dissenting).  








There seems to be no compelling reason to require the
proponent of hearsay testimony to provide an exception to the hearsay rule when
the trial court immediately rules in the proponent=s favor.  If the trial court is already prepared to
rule in the proponent=s favor, the issue must be
clear to the court without additional clarification.  Cf. Long v. State, 800 S.W.2d
545, 548 (Tex. Crim. App. 1990) (A[E]ven
a general objection will not waive error if the complaint is obvious to the
trial court and the State.@).  This is especially so considering that we are
to affirm even if the proponent provides an inapplicable exception to the
hearsay rule.  See Kipp v. State, 876 S.W.2d 330, 337 (Tex. Crim. App. 1986). 
When it is not error for the trial court to rule based on incorrect
additional information, we fail to see how it could be error for the court to
rule based on no additional information.

Although Chief Justice Walker thoroughly analyzed the cases
on which the Patterson majority relied, we will address them again here
to answer appellant=s concerns.  See id. at 534B35 (Walker, C.J.,
dissenting).  

In Long v. State, the defendant objected to testimony
as hearsay.  800 S.W.2d 545, 548 (Tex. Crim. App. 1990). 
The Court of Criminal Appeals acknowledged that the burden then shifted
to the State to demonstrate an exception to the hearsay rule.  Id. 
The Court also stated, however, that Abecause the trial court
immediately overruled the objection, . . . the State was not required to
indicate whether any exception was applicable, or to even show it had complied
with the provisions of the statute.@  Id. 
The Court appears to acknowledge a distinction between the burden of
proving the hearsay exception and the burden appellant urges us to acknowledge
of asserting the particular hearsay exception to the court.

In Dorado v. State, the State failed to comply with
the mandatory notice requirements of article 38.072 of the Texas Code of
Criminal Procedure.  843 S.W.2d 37, 38
(Tex. Crim. App. 1992).  The Court held that Athe State failed to lay the
proper mandatory predicate for achieving admissibility of testimony that is
otherwise inadmissible hearsay.@  Id. 
There were no similar allegations of failure to comply with any
statutory requirements in this case, and Dorado is therefore inapplicable to
this case.

In Smith v. State, the Court of Criminal Appeals
noted that the disputed testimony may have been admissible as an exception to
the hearsay rule, but that Athe State did not invoke this
exception.@  779 S.W.2d 417, 430 (Tex. Crim.
App. 1989).  The Court expressly did not
reach the issue of whether the testimony was admissible, however, because it
found the error was harmless beyond a reasonable doubt.  Id. 
Because the Court did not address the admissibility issue, notation that
the State did not invoke the exception is not noteworthy.








In Cofield v. State,
the Court of Criminal Appeals stated that since the defendant properly objected
to the hearsay, Athe burden then became the
State=s to show that the evidence was
admissible pursuant to some exception to the hearsay rule.@  891 S.W.2d 952, 954 (Tex. Crim.
App. 1994).  The Court did not, however,
go on to say whether the State had the burden of naming the exception as well
as proving it.

In Moreno v. State, the State contended that the
disputed evidence was not hearsay because it was not offered to show the truth
of the matter asserted.  858 S.W.2d 453,
465 (Tex. Crim. App. 1993).  The Court of Criminal Appeals said that the
State=s assertion at trial that the
evidence showed the condition of the crime scene was Aof little worth.@  Id. 
The Court went on to hypothesize that the trial court instead considered
the evidence as relevant to connect the victim to the abandoned car.  Id. 
Thus, although the burden was on the State to demonstrate how the
evidence was relevant other than to show the truth of the matter asserted, the
trial court was not required to rely on the reason the State gave for its
admissibility.

Appellant cites to two additional cases from the courts of
appeals for support, but neither case applies, because in both cases the
hearsay evidence was inadmissible because the State failed to prove the elements
of an exception, not because the State failed to name an exception.

In Martinez v. State, the El Paso Court of Appeals
correctly noted that the burden of invoking an exception to the hearsay rule
rested on the State, as the proponent of the evidence.  993 S.W.2d 751, 758 (Tex. App.CEl Paso 1999), rev=d on other grounds, 22 S.W.3d 504 (Tex. Crim. App. 2000) (en banc). 
In the particular situation at issue in Martinez, the State was
required to qualify its witness as an expert. 
Id.  Although the State did
not tender its witness as an expert and the parties did not stipulate that he
was an expert, the trial court implicitly found that he was qualified as an
expert.  Id. at 758B59.  The Martinez court held that this
implicit finding was erroneous, not because the State failed to tender him as
an expert, but because the finding was not supported by the record.  Id. at 759. 








In Mosley v. State, the State actually responded that
the hearsay testimony met the outcry exception. 
960 S.W.2d 200, 203 (Tex. App.CCorpus Christi 1997, no
pet.).  Because the record did not
contain any evidence the State complied with article 38.072 of the Texas Code
of Criminal Procedure, however, the evidence was not admissible as outcry
testimony.  Id.  The Mosley court went on to consider
whether the evidence may have been admissible under the excited utterance
exception, even though the State apparently did not voice that exception at
trial.  Id. at  203B04.  We do not see how hearing the State assert
the inapplicable outcry exception would provide the trial court with a better
basis for its decision than if it had made its decision with no assertion by
the State at all.  

Thus, to summarize, we conclude that there is no requirement
that the proponent of hearsay testimony voice an exception to the hearsay rule
when the trial court immediately rules in the proponent=s favor.  Appellant=s first issue is
overruled.  Because appellant=s second issue is predicated on
his first issue, appellant=s second issue is also
overruled.

III.      Evidence of
threats.

In his third issue, appellant contends that evidence of
threats allegedly made by him was improperly admitted during the punishment
phase of the trial.  This Aevidence@ came in through a series of
questions the district attorney asked appellant as to whether on various
occasions he threatened to kill his wife, threatened to kill the officer
investigating his wife=s complaint, and threatened the
officers who arrested him for the current offense.  The State presented no additional evidence
supporting these allegations.

When punishment is assessed by the trial court, it may determine
that evidence of an extraneous offense or bad act is relevant to sentencing and
admit it, but the trial court must find that the evidence was proven beyond a
reasonable doubt before considering that evidence in assessing punishment.  Williams v. State, 958 S.W.2d 844, 845
(Tex. App.CHouston [14th Dist.] 1997, pet.
ref=d); see also Tex. Code Crim. Proc., art. 37.07, ' 3(a).








In order to preserve an issue for appeal, a defendant must
make a timely objection that specifically states the legal basis for the
objection.  Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990).  An objection stating one legal basis
may not be used to support a different legal theory on appeal.  Id. 


Appellant did not object to any questions as to whether he
threatened to kill his wife or threatened to kill the officer investigating his
wife=s complaint.[2]  Appellant therefore waived any error
regarding these questions.  See id.


During questioning as to threats directed at the arresting
officers for the current offense, appellant only objected that a question was Abeyond the scope of the
evidence that was introduced in trial.@  This objection does not comport with
appellant=s argument on appeal that the
threats were not proved beyond a reasonable doubt.  Appellant therefore waived any error
regarding these questions.  Appellant=s third issue is overruled.

The judgment of the trial court is affirmed.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Opinion filed January 20, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Publish C Tex. R. App. P. 47.2(b).











[1]  We note that
two courts have disagreed with the Beaumont Court of Appeals on this
matter.  See Anderson v. State,
2001 WL 1555302, at *2 (Tex. App.CHouston
[1st Dist.] Dec. 6, 2001, pet. ref=d) (not
designated for publication); Romero v. State, 2000 WL 1711816 at *3
(Tex. App.CDallas Nov. 14, 2000, pet. ref=d) (not designated for publication).  Neither opinion was designated for
publication, however, and we do not rely on them in our analysis.





[2]  In response to
a question regarding whether appellant threatened to kill his wife, his counsel
stated, AI might want to lodge an objection that the proper
predicate has not been laid yet on this matter.@  No objection was ever made, however.