Jorge Nalda ORTEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–00185–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 2004.

Rehearing Overruled Feb. 26, 2004.

Joseph Leo Lanza, Houston, for appellant.

Lori DeAngelo Fix, Houston, for appellee.

Panel consists of Justices YATES, HUDSON, and FOWLER.

## OPINION

WANDA McKEE FOWLER, Justice.

The jury found appellant guilty of the misdemeanor offense of assaulting a family member. The trial court assessed punishment at confinement for one year in the Harris County Jail and a $2,000 fine. In three issues, appellant contends that (1) the trial court erred in admitting hearsay testimony without requiring the State to give an exception to the hearsay rule, (2) the evidence was legally insufficient to support his conviction, and (3) during the punishment phase, the trial court improperly admitted evidence of threats made by appellant. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2002, appellant and complainant, appellant's sixteen-year-old son, had a verbal confrontation in the parking lot of a strip club. Appellant and complainant left the parking lot in separate vehicles and returned to their apartment.

At the apartment, appellant went to complainant's room and pushed complainant in the chest three times and punched him in the mouth, knocking complainant onto his bed. Appellant twice threw a wooden stool at complainant, but complainant deflected it both times. At that point defendant held complainant down with one arm, told him "Don't stand up to me," and punched him in the face. Complainant then called the police.

At trial, the State called an arresting officer as its sole witness. Appellant repeatedly objected to testimony from the officer as to what complainant told him at the scene on the ground that the testimony

was hearsay. The trial court immediately overruled the objections, without any response from the State. The jury found appellant guilty. During the punishment phase, the State did not call any witnesses, but cross-examined appellant regarding threats he allegedly made toward his wife, the officer who investigated a claim made by his wife, and the officers who arrested him for the current offense. Appellant denied making the threats. The trial court assessed punishment at confinement for one year, the statutory maximum, and a fine of $2,000.

## ANALYSIS

### I. Alleged hearsay testimony.

In his first issue, appellant contends the court erred in admitting hearsay testimony. The trial court admitted the testimony over appellant's objection without requesting a response from the State. Because the parties do not contest that the testimony was hearsay or that it fell within the excited utterance exception, the only issue before us is whether the trial court erred in not requiring the State to respond that the testimony fell within the exception.

The decision to admit evidence is within the discretion of the trial court. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App.2000). If a party raises an objection to hearsay testimony, the burden shifts to the offeror to show the testimony is admissible pursuant to an exception to the hearsay rule. *Cofield v. State*, 891 S.W.2d 952, 954 (Tex.Crim.App.1994). Even if an offered exception to the hearsay does not apply, we will affirm if the evidence is admissible on any ground. *Kipp v. State*, 876 S.W.2d 330, 337 (Tex.Crim. App.1994).

Relying on two cases from the Beaumont Court of Appeals, appellant claims the trial court erred when it did not require the State to respond to appellant's objection. We acknowledge the Beaumont Court of Appeals has held that when the State has not met its burden of showing an exception to the hearsay rule when the trial court admits the hearsay testimony without requiring the State to respond.[1] *Patterson v. State*, 980 S.W.2d 529, 532 (Tex.App.-Beaumont 1998, no pet.); *Kroopf v. State*, 970 S.W.2d 626, 629 (Tex. App.-Beaumont 1998, no pet.). However, one justice dissented in the *Patterson* case; we agree with that dissent in which he concluded that "absent a specific request, or a mandatory statute or rule explicitly to the contrary" a party proffering hearsay is not required to volunteer how the hearsay is admissible. *Patterson*, 980 S.W.2d at 535 (Walker, C.J., dissenting).

There seems to be no compelling reason to require the proponent of hearsay testimony to provide an exception to the hearsay rule when the trial court immediately rules in the proponent's favor. If the trial court is already prepared to rule in the proponent's favor, the issue must be clear to the court without additional clarification. *Cf. Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App.1990) ("[E]ven a general objection will not waive error if the complaint is obvious to the trial court and the State."). This is especially so considering that we are to affirm even if the proponent provides an inapplicable exception to the

---

1. We note that two courts have disagreed with the Beaumont Court of Appeals on this matter. *See Anderson v. State*, 2001 WL 1555302, at *2 (Tex.App.-Houston [1st Dist.] Dec. 6, 2001, pet. ref'd) (not designated for publication); *Romero v. State*, 2000 WL 1711816 at *3 (Tex.App.-Dallas Nov.14, 2000, pet. ref'd) (not designated for publication). Neither opinion was designated for publication, however, and we do not rely on them in our analysis.

hearsay rule. *See Kipp v. State,* 876 S.W.2d 330, 337 (Tex.Crim.App.1994). When it is not error for the trial court to rule based on incorrect additional information, we fail to see how it could be error for the court to rule based on no additional information.

Although Chief Justice Walker thoroughly analyzed the cases on which the *Patterson* majority relied, we will address them again here to answer appellant's concerns. *See id.* at 534–35 (Walker, C.J., dissenting).

In *Long v. State,* the defendant objected to testimony as hearsay. 800 S.W.2d 545, 548 (Tex.Crim.App.1990). The Court of Criminal Appeals acknowledged that the burden then shifted to the State to demonstrate an exception to the hearsay rule. *Id.* The Court also stated, however, that "because the trial court immediately overruled the objection, . . . the State was not required to indicate whether any exception was applicable, or to even show it had complied with the provisions of the statute." *Id.* The Court appears to acknowledge a distinction between the burden of proving the hearsay exception and the burden appellant urges us to acknowledge of asserting the particular hearsay exception to the court.

In *Dorado v. State,* the State failed to comply with the mandatory notice requirements of article 38.072 of the Texas Code of Criminal Procedure. 843 S.W.2d 37, 38 (Tex.Crim.App.1992). The Court held that "the State failed to lay the proper mandatory predicate for achieving admissibility of testimony that is otherwise inadmissible hearsay." *Id.* There were no similar allegations of failure to comply with any statutory requirements in this case, and Dorado is therefore inapplicable to this case.

In *Smith v. State,* the Court of Criminal Appeals noted that the disputed testimony may have been admissible as an exception to the hearsay rule, but that "the State did not invoke this exception." 779 S.W.2d 417, 430 (Tex.Crim.App.1989). The Court expressly did not reach the issue of whether the testimony was admissible, however, because it found the error was harmless beyond a reasonable doubt. *Id.* Because the Court did not address the admissibility issue, notation that the State did not invoke the exception is not noteworthy.

In *Cofield v. State,* the Court of Criminal Appeals stated that since the defendant properly objected to the hearsay, "the burden then became the State's to show that the evidence was admissible pursuant to some exception to the hearsay rule." 891 S.W.2d 952, 954 (Tex.Crim.App.1994). The Court did not, however, go on to say whether the State had the burden of naming the exception as well as proving it.

In *Moreno v. State,* the State contended that the disputed evidence was not hearsay because it was not offered to show the truth of the matter asserted. 858 S.W.2d 453, 465 (Tex.Crim.App.1993). The Court of Criminal Appeals said that the State's assertion at trial that the evidence showed the condition of the crime scene was "of little worth." *Id.* The Court went on to hypothesize that the trial court instead considered the evidence as relevant to connect the victim to the abandoned car. *Id.* Thus, although the burden was on the State to demonstrate how the evidence was relevant other than to show the truth of the matter asserted, the trial court was not required to rely on the reason the State gave for its admissibility.

Appellant cites to two additional cases from the courts of appeals for support, but neither case applies, because in both cases the hearsay evidence was inadmissible because the State failed to prove the *elements* of an exception, not because the State failed to *name* an exception.

In *Martinez v. State,* the El Paso Court of Appeals correctly noted that the burden of invoking an exception to the hearsay rule rested on the State, as the proponent of the evidence. 993 S.W.2d 751, 758 (Tex.App.-El Paso 1999), *rev'd on other grounds,* 22 S.W.3d 504 (Tex. Crim.App.2000) (en banc). In the particular situation at issue in *Martinez,* the State was required to qualify its witness as an expert. *Id.* Although the State did not tender its witness as an expert and the parties did not stipulate that he was an expert, the trial court implicitly found that he was qualified as an expert. *Id.* at 758–59. The *Martinez* court held that this implicit finding was erroneous, not because the State failed to tender him as an expert, but because the finding was not supported by the record. *Id.* at 759.

In *Mosley v. State,* the State actually responded that the hearsay testimony met the outcry exception. 960 S.W.2d 200, 203 (Tex.App.-Corpus Christi 1997, no pet.). Because the record did not contain any evidence the State complied with article 38.072 of the Texas Code of Criminal Procedure, however, the evidence was not admissible as outcry testimony. *Id.* The *Mosley* court went on to consider whether the evidence may have been admissible under the excited utterance exception, even though the State apparently did not voice that exception at trial. *Id.* at 203–04. We do not see how hearing the State assert the inapplicable outcry exception would provide the trial court with a better basis for its decision than if it had made its decision with no assertion by the State at all.

■ Thus, to summarize, we conclude that there is no requirement that the proponent of hearsay testimony voice an exception to the hearsay rule when the trial court immediately rules in the proponent's favor. Appellant's first issue is overruled. Because appellant's second issue is predicated on his first issue, appellant's second issue is also overruled.

## III. Evidence of threats.

In his third issue, appellant contends that evidence of threats allegedly made by him was improperly admitted during the punishment phase of the trial. This "evidence" came in through a series of questions the district attorney asked appellant as to whether on various occasions he threatened to kill his wife, threatened to kill the officer investigating his wife's complaint, and threatened the officers who arrested him for the current offense. The State presented no additional evidence supporting these allegations.

■ When punishment is assessed by the trial court, it may determine that evidence of an extraneous offense or bad act is relevant to sentencing and admit it, but the trial court must find that the evidence was proven beyond a reasonable doubt before considering that evidence in assessing punishment. *Williams v. State,* 958 S.W.2d 844, 845 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd); *see also* Tex.Code Crim. Proc., art. 37.07, § 3(a).

■■ In order to preserve an issue for appeal, a defendant must make a timely objection that specifically states the legal basis for the objection. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Id.*

■ Appellant did not object to any questions as to whether he threatened to kill his wife or threatened to kill the officer investigating his wife's complaint.[2] Appel-

---

2. In response to a question regarding whether     appellant threatened to kill his wife, his coun-

lant therefore waived any error regarding these questions. *See id.*

During questioning as to threats directed at the arresting officers for the current offense, appellant only objected that a question was "beyond the scope of the evidence that was introduced in trial." This objection does not comport with appellant's argument on appeal that the threats were not proved beyond a reasonable doubt. Appellant therefore waived any error regarding these questions. Appellant's third issue is overruled.

The judgment of the trial court is affirmed.

sel stated, "I might want to lodge an objection that the proper predicate has not been laid yet on this matter." No objection was ever made, however.