Opinion issued May 24, 2007



 





 



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00649-CR






ARIONE TOLIVER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1063405






MEMORANDUM OPINION


 Appellant, Arione Toliver, was charged with the first degree felony offense of
injury to a child. See Tex. Pen. Code Ann. § 22.04(a) (Vernon Supp. 2006). 
Appellant pleaded guilty without an agreed punishment recommendation from the
State. After a pre-sentence investigation report was prepared, the trial court held a
hearing, found appellant guilty, and assessed punishment at 15 years' confinement. 

 In two issues on appeal, appellant contends that (1) her trial counsel's failure
to object to hearsay testimony during the punishment hearing constituted ineffective
assistance of counsel and (2) the trial court erred when it overruled her objection to
other hearsay testimony.

 We affirm.

Background

 Appellant and Natalie Richards were best friends and shared an apartment. 
Appellant would occasionally babysit Natalie's children while Natalie attended
college classes. On February 22, 2006, appellant was babysitting Natalie's two-year-old son, Asir Anderson, when he became severely injured. 

 Appellant called Natalie and reported that Asir had fallen out of the car. 
Appellant explained that Asir was not hurt, but that his nose was bleeding. Natalie
called her mother, Carolyn White, and asked her to go to the apartment and check on
Asir. White went to the apartment and found Asir unresponsive and bleeding from
the nose. White called for an ambulance, and, while they waited, Asir began having
seizures. Natalie met White and Asir at the hospital, where medical personnel
explained to Natalie that Asir had suffered fractures to his skull, vertebrae, and pelvis,
and that Asir was having seizures. After six days of treatment in the hospital, Asir
was able to return home. However, Asir suffered extensive brain damage that
requires continued medical care. In addition, Asir has suffered intermittent blindness
and disturbances to his equilibrium, and remains on medication to control his
seizures.

 Shortly after the events, appellant contacted Houston Police Department child
abuse investigator Lynette Chandler and confessed that she had purposefully injured
Asir. Subsequently, appellant pleaded guilty to injury to a child. The trial court
ordered that a pre-sentence investigation be conducted. 

 On July 6, 2006, the trial court held a punishment hearing. Appellant testified
that, on the day of the incident, she was babysitting Asir and could not find her
marihuana. Appellant testified that Asir said something to her and that she grabbed
him, threw him against a wall, then grabbed Asir by his lower body, and hit him
against the couch "like a bat." Appellant testified that she did not know how Asir's
skull, vertebrae, and pelvis became fractured, but she acknowledged that her attack
on Asir may have lasted 30 to 45 minutes. Appellant further testified that she had
lied to Natalie and to White concerning the source of Asir's injuries. Hearsay

 In her second issue, appellant contends that the trial court erred by overruling
her objection to hearsay testimony. Specifically, appellant complains of the following
testimony elicited by the State during its direct examination of Natalie: 


 [State]: What does he [Asir] tell you about what happened?

 [Natalie]: He tells me that [appellant] threw him into a wall,
that she had hit him in the head with a hanger. He
said that she punched him in the stomach and in his
back and that she threw him--

 [Defense]: Objection to hearsay, your Honor.

 [Trial Court]: That's overruled.

 Appellant contends that this testimony constituted hearsay because the State
failed to lay the proper mandatory predicate and that Natalie could not properly testify
as to events of which she had no personal knowledge. Appellant contends that she
was harmed because "the trial court's error was of a magnitude that it disrupted the
orderly evaluation of the evidence in Appellant's penalty hearing" and "[t]he sentence
pronounced by the trial court is tainted by the substance of the hearsay statement."

A. Standard of Review and Principles of Law

 We review the trial court's admission of testimony for an abuse of discretion. 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). We uphold the trial
court's determination unless it lies outside the zone of reasonable disagreement. Id.

 Hearsay is a statement, other than one made by the declarant while testifying
at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d).
Hearsay statements are inadmissible except as provided by statute or other rule. Tex.
R. Evid. 802; see Tex. R. Evid. 803 (providing exceptions). 

 Texas Rule of Criminal Procedure provides a statutory exception that permits
the State to introduce outcry statements made a by child abuse victim, which would
otherwise be inadmissible as hearsay. Tex. Code Crim. Proc. Ann. § 38.072
(Vernon 2005). To invoke the statutory exception, however, the testimony must be
admitted pursuant to the statute. See id. (requiring notice and hearing); Long v. State,
800 S.W.2d 545, 547 (Tex. Crim. App. 1990). 

 The erroneous admission of a hearsay statement constitutes non-constitutional
error that is subject to a harm analysis under Texas Rule of Appellate Procedure
44.2(b). See Tex. R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998). Non-constitutional error must be disregarded unless it affected a
substantial right of the defendant. Tex. R. App. P. 44.2(b); Johnson v. State, 43
S.W.3d 1, 4 (Tex. Crim. App. 2001). A substantial right is affected when the error
had a substantial and injurious effect in determining the verdict. Johnson, 43 S.W.3d
at 4. A conviction should not be overturned for such error if this court, after
examining the record as a whole, has fair assurance that the error did not influence
the trial court or had but a slight effect. See Johnson, 967 S.W.2d at 417.

B. Analysis

 Here, the record does not indicate that the State sought to invoke article 38.072
to admit Asir's statements through Natalie's testimony. Appellant is correct that the
trial court erred when it permitted Natalie to testify as to what Asir generally "tells
her" about the abuse he suffered. The quoted testimony by Natalie concerning Asir's
out-of-court statements offered to prove the truth of the matter, namely, the severity
of appellant's conduct, constituted inadmissible hearsay. See Tex. R. Evid. 801, 802. 
Thus, we conclude that, absent the invocation of article 38.072, the trial court abused
its discretion when it overruled appellant's objection. See Zuliani, 97 S.W.3d at 595.

 Having found that the trial court abused its discretion in overruling appellant's
objection, we must determine whether the error harmed appellant. See Tex. R. App.
P. 44.2(b). The record shows that, during the punishment hearing, appellant gave 
substantially the same testimony concerning the extent of Asir's injuries as the
complained-of testimony by Natalie. Appellant testified to the details and
circumstances surrounding the abuse, as follows:

 [State]: And how did you grab Asir?

 [Appellant]: With my hands.

 [State]: And where did you grab him?

 [Appellant]: Upper body.

 [State]: Okay. And what did you do with him?

 [Appellant]: I threw him.

 [State]: You threw him where? Against a wall?

 [Appellant]: Yes, ma'am.

 [State]: And what did he do when you threw him against the
wall?

 [Appellant]: What did who do?

 [State]: What did Asir do? What did he do? Did he just sit there?

 [Appellant]: He was on--he was on the floor.

 [State]: Okay. Well, was he screaming or crying?

 [Appellant]: I don't remember.

 [State]: What did you do after that?

 [Appellant]: I grabbed him by his lower half and I started
throwing--this is hard. Started throwing his body
like--not throwing because I didn't release. Like a
bat.

 [State]: You did what with him like a bat?

 [Appellant]: His body on the couch like a bat, ma'am. In addition, appellant's counsel elicited testimony from Natalie on cross-examination as follows:

 [Defense]: You said if [Asir] gets a scratch on his leg now he
thinks that [appellant] did it?

 [Natalie]: No. He--like if he gets a scratch and he's like, you
know, "Mommy, this hurts." Then all of the sudden
he'll be like, "Mommy, [appellant is] mean. She
hurt me. She punched me in the stomach. She hit
me in the head with a hanger."


 The improper admission of evidence is harmless if the same or similar evidence
is admitted without objection at another point in the trial. Leday v. State, 983 S.W.2d
713, 717-18 (Tex. Crim. App. 1998). Hence, because the facts to which Natalie
testified are included in the same facts that appellant introduced through her own
testimony and through other testimony of Natalie, without objection, we hold that the
trial court's error in admitting the complained of hearsay statements was harmless. 
See id.; Johnson, 967 S.W.2d at 417. After examining the record as a whole, we
cannot say that the erroneous admission of Natalie's testimony had a substantial and
injurious effect in determining appellant's punishment. See Johnson, 43 S.W.3d at
4.

 Accordingly, appellant's second issue is overruled.

Ineffective Assistance of Counsel

 In her first issue, appellant contends that she was denied effective assistance
of counsel at the punishment hearing because her trial counsel failed to object to
hearsay testimony. Specifically, appellant complains of the following colloquy that
took place during the State's direct examination of Natalie: 


 [State]: Natalie, can you describe to the Court what Asir's injuries
were?

 [Natalie]: When I got to the hospital, the nurse came and talked to
me. She told me that he had two skull fractures, his head
was actually bleeding in the back where--I don't know
what it was, but something had went through his head in
the back and he had a fractured vertebra, or I think they
said a crack, fractured. I'm not sure. And he had a pelvic
fracture, a tailbone fracture. And they said that he had
been having seizures for a couple of hours and that they
were finally able to get the breathing tube in. They said
they were worried about brain damage, possible brain
damage because of the length of time that he had went
without oxygen to his brain.

 Appellant contends that this testimony constituted inadmissible hearsay and
that she was prejudiced by her trial counsel's failure to object to this testimony
because it was "the only medically based testimony of the injuries proferred by the
State during the course of the penalty hearing." Appellant contends that the
description of Asir's injuries contributed to her sentence.

A. Standard of Review

 To prove ineffective assistance of counsel, appellant must show (1) that
counsel's performance fell below an objective standard of reasonableness and (2) that
the deficient performance prejudiced the appellant. Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). 

 Under the first prong, appellant must overcome the strong presumption that
counsel's performance falls within a wide range of reasonable professional assistance. 
Andrews, 159 S.W.3d at 101. Under the second prong, appellant must show that there
is a reasonable probability that, but for counsel's errors, the result of the proceeding
would have been different. Id. at 102. A "reasonable probability" is a probability
sufficient to undermine confidence in the outcome. Id. Appellant has the burden to
establish both prongs by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to make a showing under either
prong defeats a claim of ineffective assistance of counsel. Rylander v. State, 101
S.W.3d 107, 110-11 (Tex. Crim. App. 2003). 

B. Analysis

 The quoted testimony of Natalie concerning the out-of-court statements of
hospital personnel which were offered to prove the matter asserted constituted
inadmissible hearsay. See Tex. R. Evid. 801, 802. However, even if counsel's
performance was deficient for failing to object to the complained of testimony,
appellant has not shown that there is a reasonable probability that, but for such error,
the outcome of trial would have been different. See Andrews, 159 S.W.3d at 102. 

 Appellant complains that Natalie was permitted to testify without objection that
a nurse at the hospital told her that Asir had fractures of his skull, vertebrae, and
pelvis, that Asir was having seizures, and that Asir was expected to suffer brain
damage because of the length of time his brain was deprived of oxygen. However,
the record shows that, during the punishment hearing, appellant testified that she
caused Asir to suffer skull fractures, that she personally learned from hospital
personnel that Asir had suffered fractured vertebrae, and that she understood that her
delay in seeking medical help for Asir caused his brain to suffer from a lack of
oxygen. The improper admission of evidence is harmless if the same or similar
evidence is admitted without objection at another point in the trial. See Leday, 983
S.W.2d at 717. 

 We conclude that, even if appellant's trial counsel erred by failing to object to
Natalie's testimony, appellant has not shown that there is a reasonable probability
that, but for those errors, the outcome of trial would have been different. See
Andrews, 159 S.W.3d at 102. When, as here, appellant fails to meet the prejudice
prong, we need not address the question of counsel's performance on these points. 
Boyd v. State, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991). The failure to make a
showing under either of the required prongs of Strickland defeats a claim for
ineffective assistance of counsel. Rylander, 101 S.W.3d at 110-11. We conclude
that appellant has not met her burden to show ineffective assistance of counsel by a
preponderance of the evidence. See Jackson, 973 S.W.2d at 956.



 Accordingly, appellant's first issue is overruled. 

Conclusion

 We affirm the judgment of the trial court. 

 

 




 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2.