



# MEMORANDUM OPINION

No. 04-09-00584-CR

Rene **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-7793
Honorable Sharon MacRae, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

AFFIRMED

Rene Hernandez challenges his conviction for aggravated sexual assault of a child, asserting the trial court erred in allowing the designated outcry witness to testify. We affirm the judgment of the trial court.

**BACKGROUND**

The State charged Hernandez with aggravated sexual assault of a child and designated the parents of the victim as outcry witnesses. In a bench trial, the victim, B,[1] testified that her uncle, Hernandez, raped her at her grandmother's house when she was about six or seven years old. B and her younger sister would stay at their grandmother's house during the summer while their parents were at work. Hernandez was also there because he lived with his mother, B's grandmother. On one of the days when B was there, Hernandez asked B to come into his room to get a pack of playing cards. Once inside the room, Hernandez brandished a pocket knife he kept in his dresser drawer and threatened to hurt her or her father unless she pulled down her shorts and lay on the carpet. B testified she was afraid of Hernandez. After she complied with his demand, Hernandez lay on top of her, "took his private part out and put it inside" of her. He had intercourse with her "for about two minutes" until he heard his mother walk in from outside. B did not tell her grandmother or anyone else about what had happened because she was afraid that Hernandez would find her and hurt her or her father. She did not tell her parents about the rape, even when Hernandez was later jailed for solicitation and indecency with her younger sister. When B was about twelve years old, she "just blurted it out" to her father during an argument about her using a cell phone in violation of the family rules.

Michael Gonzalez, B's father, took the stand following her testimony. He stated that his daughter told him that "she had been raped" after he was lecturing her about her misbehavior with the cell phone, but she did not tell him any details. The defense objected to this testimony on hearsay grounds and the trial court overruled the objection. Laura Gonzalez, B's mother, testified that she often left her daughters at her mother's house during the years in question and that her brother, Hernandez, also lived there during that time. Laura Gonzalez testified she

---

[1] B is a pseudonym.

noticed a change in B's "whole persona" and her self-esteem around first grade when she became less outgoing than she had been. She also said that her daughter had talked with her after the cell phone incident about "something bad" that had happened to B. The State attempted to elicit the details B told her mother about the incident, but the trial court sustained the defense's objection to this line of testimony. Lydia Hernandez, B's grandmother, confirmed in her testimony that the girls often came to stay with her while their parents were at work. Ms. Hernandez did not believe that the appellant had raped B because she would not have left B or her sister alone with the appellant for more than ten or fifteen minutes, although she also admitted it was "possible." Finally, Hernandez himself took the stand and denied that he had sexual contact with B, but also stated that if something like that had occurred, he would not remember. He said that he has had trouble remembering things since he was hit by a car and put into a coma sometime around 1988.

The trial court found Hernandez guilty of aggravated sexual assault and stated on the record that the decision was based on the victim's testimony which the trial court found to be convincing. The trial court noted that Lydia Hernandez's testimony was also very credible, but Ms. Hernandez said herself that she may have left B alone with Hernandez for enough time for the sexual assault to have occurred.

### DISCUSSION

On appeal, Hernandez argues the outcry testimony of Michael Gonzalez, the victim's father, was improperly admitted and harmed his substantial rights. Specifically, Hernandez asserts he did not receive statutory notice that Michael Gonzalez was an outcry witness and that the trial court failed to conduct the requisite hearing on his outcry testimony.

Article 38.072 of the Texas Code of Criminal Procedure provides an "outcry" exception to the general rule that hearsay statements are inadmissible. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2009). The outcry provision seeks both the fair prosecution of child abuse cases and the protection of children in the courtroom, but is "carefully limited" to ensure the reliability of the testimony. *See Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005). The statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a). The statement must describe the alleged offense in some discernible way and amount to "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). "Simply put, the outcry witness is the first adult to whom the child tells 'how, when, and where' of the assault." *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd).

Several procedural requirements demanded by the statute must be followed for the outcry statement to be admitted:

> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
>
> > (A) notifies the adverse party of its intention to do so;
> > (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
> > (C) provides the adverse party with a written summary of the statement;
>
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>
> (3) the child . . . testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(b). All the provisions of article 38.072 are mandatory and must be followed to admit a statement over a hearsay objection. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). We review the trial court's admission of an outcry witness's testimony under an abuse of discretion standard. *Garcia*, 792 S.W.2d at 92; *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd).

We disagree that the trial court erred in allowing Michael Gonzalez to testify as the outcry witness, and conclude that Article 38.072 was followed. First, the record unambiguously shows that the State provided the defense with timely notice and a written summary of the outcry testimony of Michael Gonzalez. The State designated both Michael Gonzalez and Laura Gonzalez as outcry witnesses, and provided notice and written summaries of each of their intended statements to Hernandez before the trial began. Although Article 38.072 requires that no more than one witness may testify concerning any single event, it does not limit the number of proposed outcry witnesses. *See Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd) (outcry witnesses are designated event-specific and only one outcry witness can testify to any single event). The trial court only allowed Michael Gonzalez to testify as an outcry witness, while sustaining the objection to Laura Gonzalez's more detailed testimony concerning B's statements about the incident. Further, at trial, defense counsel acknowledged receiving Michael Gonzalez's statement. Accordingly, the State complied with Article 38.072 by identifying Michael Gonzalez as a potential outcry witness, notifying Hernandez of the State's intent to offer the statement, and providing Hernandez with a written summary of Michael Gonzalez's statement. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(b)(1).

Second, there was no need for the trial court to conduct a hearing outside the presence of the jury on the reliability of the outcry testimony because Michael Gonzalez's testimony was

offered at a bench trial rather than at a jury trial as the statute contemplates. *Cf. In re K.L.*, 91 S.W.3d 1, 16–17 (Tex. App.—Fort Worth 2002, no pet.) (referring to Texas Family Code § 104.006 regarding hearsay statements by child abuse victims as "the civil analog of article 38.072" and holding that § 104.006 does not require the trial court to conduct a prior hearing on the admissibility of hearsay statements in a bench trial so long as the court considered the issue of their admissibility). In any event, the trial court heard the defense's hearsay objection to Michael Gonzalez's testimony and made a ruling on it by overruling that objection. *See Long*, 800 S.W.2d at 548 (noting that a hearsay objection gives notice to the trial court of an article 38.072 outcry issue). A trial court's ruling on a hearsay objection is sufficient to imply a finding about the reliability of the testimony pursuant to section 2(b) even when the trial court does not make explicit findings on the matter. *See Villalon v. State*, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990) (overruling an objection to testimony implied that the court made a finding under art. 38.072 § 2(b)). In sum, because there was no need to hold a separate hearing and because the trial court impliedly determined that Michael Gonzalez was a reliable outcry witness, we conclude the trial court did not abuse its discretion in permitting Michael Gonzalez to testify as the outcry witness.

Assuming arguendo that the trial court did err in admitting Michael Gonzalez's outcry testimony, we conclude the error was harmless because it did not affect Hernandez's substantial rights. *See* TEX. R. APP. P. 44.2(b). A trial court's error affects a substantial right when it had a substantial and injurious effect on the outcome of the trial. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776 (1946)). We review errors regarding the admissibility of hearsay as non-constitutional errors, *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998), and review the entire record to determine whether there is fair

assurance that non-constitutional error had "but a slight effect" on the verdict. *Garcia v. State*, 126 S.W.3d 921, 927 n.9 (Tex. Crim. App. 2004).

Here, the record shows that Michael Gonzalez's testimony had, at most, a slight effect on the outcome of the trial. The trial court indicated that it did not rely on Michael Gonzalez's outcry testimony in finding Hernandez guilty, but on the testimony of the victim:

> [L]ooking and having listened to the testimony of [B], I'm going to say I found her to be convincing and she has convinced me that Mr. Hernandez is guilty of aggravated sexual assault and I'm going to find him guilty of that.

The trial court mentioned finding Lydia Hernandez's testimony credible as well, but made no mention of Michael Gonzalez's testimony. Therefore, any error in the admission of Michael Gonzalez's testimony was harmless. We overrule Hernandez's issue on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

Do Not Publish