PD-0658-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 1:43:08 PM
Accepted 7/2/2015 4:45:40 PM
ABEL ACOSTA
CLERK

No. PD-0658-15

## IN THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

\*\*\*\*\*\*\*

## KEVIN D. TALKINGTON

**Appellant**

**VS.**

## THE STATE OF TEXAS,

**Respondent**

\*\*\*\*\*\*\*

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

On Petition For Discretionary Review from the
Second Court of Appeals in No. 02-14-00064-CR
Affirming Conviction in Cause No. 1269829
213th District Court Number of Tarrant County, Texas

WES BALL
State Bar No. 01643100
4025 Woodland Park Blvd.,
Suite 100
Arlington, Texas 76013
Email: WBnotices@ballhase.com
Tel: 817-860-5000
Fax: 817-860-6645

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

No. PD-0658-15

IN THE COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

*******

KEVIN D. TALKINGTON

Appellant

VS.

THE STATE OF TEXAS,

Respondent

*******

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

On Petition For Discretionary Review from the
Second Court of Appeals in No. 02-14-00064-CR
Affirming Conviction in Cause No. 1269829
213th District Court Number of Tarrant County, Texas

COMES NOW KEVIN TALKINGTON, Appellant in the above-styled and numbered cause, by and through his attorney, WES BALL, and files this his Petition For Discretionary Review, pursuant to TEX. R. APP. 68. In support of his prayer for review, Appellant would respectfully show the Court as follows:

i

# LIST OF INTERESTED PARTIES

Pursuant to the Texas Rules of Appellate Procedure, Rule 68.4 (a), Appellant lists the following persons who have an interest in the appeal for the purpose of the Court's determining conflicts and recusals:

**JUDGES:**
Hon. Louis E. Sturns
213th District Court
401 W. Belknap St.
Fort Worth, Texas 76196

**APPELLANT:**
Kevin D. Talkington
TDCJ# 01911091
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

**TRIAL COUNSEL:**
Hon. Kacey Fickes
Hon. Tasha Foster
Assistant District Attorneys
401 W. Belknap St.
Fort Worth, Texas 76102

Hon. Lex Johnston
1245 Hurstview Dr., Ste. 205
Hurst, Texas 76053

**APPELLATE COUNSEL:**
Sharen Wilson, District Attorney
Appellate Division
401 W. Belknap St.
Fort Worth, Texas 76196

Wes Ball
Counsel for Appellant
4025 Woodland Park Blvd.,
Ste 100
Arlington, Texas 76013

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES ...................................................................................ii

TABLE OF AUTHORITIES ..........................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT .................................................1

STATEMENT OF THE CASE...............................................................................1

REASONS FOR REVIEW .....................................................................................2

ARGUMENT .........................................................................................................3

PRAYER.................................................................................................................5

CERTIFICATE OF SERVICE ...............................................................................6

CERTIFICATE OF COMPLIANCE.......................................................................7

APPENDIX ............................................................................................................8

# TABLE OF AUTHORITIES

## CASES

Broderick v. State, 35 S.W.3d 67 (Tex. App. – Texarkana 2000) ...........................4

Garcia v. State, 792 S.W.2d 88 (Tex. Crim. App. 1990)...............................................4

Long v. State, 800 S.W.2d 545 (Tex. Crim. App. 1990)...............................................4

Reynolds v. State, 227 S.W.3d 355 (Tex. App. – Texarkana 2007, no pet.) ............4

Talkington v. State, No. 02-14-00064-CR (Tex. App. –Fort Worth 2015)...............2

## OTHER AUTHORITIES

Texas Rules of Appellate Procedure, Article 38.072 § 2 ...........................................3

Texas Rules of Appellate Procedure, Rule 68.4 (a).................................................. ii

Texas Rules of Appellate Procedure, Rule 68.2 (c)....................................................2

Texas Rules of Appellate Procedure, Rule 68.2 (d) ...................................................2

Texas Rules of Appellate Procedure, Rule 68 ............................................................i

Texas Rules of Appellate Procedure, Rule 66.3 (a).....................................................2

Texas Rules of Appellate Procedure,  Rule 9.4(i)(3) ................................................7

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument on his Petition.

## STATEMENT OF THE CASE

Appellant entered a plea of not guilty (RR.III, 21) to an indictment (CR. I, 6, 7) alleging in counts one, two and three aggravated sexual assault of a child, and counts four and five indecency with a child by contact. Following his plea of not guilty, the case was tried before a jury (RR. II – IV). After hearing evidence, the jury returned a verdict of guilty on all five counts of the indictment. (CR. I, 69-73). Following its verdict on the issue of guilt, punishment was submitted to the trial court. Appellant entered a plea of true to an enhancement allegation setting forth a prior felony conviction. (RR. IV, 47). Evidence was presented on the issue of punishment. After hearing evidence, the trial court assessed punishment at forty (40) years confinement in the Institutional Division of the Texas Department of Criminal Justice on counts one, two and three. The trial court assessed punishment at fifteen (15) years confinement on counts four and five. The court ordered all sentences to run concurrently. (RR. IV, 59-60).

1

## STATEMENT OF PROCEDURAL HISTORY

In an unpublished opinion delivered April 30, 2015, a panel of the Second Court of Appeals affirmed the judgment and sentence Talkington v. State, No. 02-14-00064-CR (Tex. App. –Fort Worth 2015) (Appendix A).

No motion for rehearing has been filed. Appellant's Petition For Discretionary Review is filed pursuant to TEX. R. APP. PROC. 68.2 (c)[1].

## REASONS FOR REVIEW

The Court of Appeals has decided an important question of state law in a way that conflicts with the applicable provisions of the applicable statutes, and the decisions of other Courts of Appeals. Tex. R. App. Proc. 66.3 (a) & (d).

## QUESTIONS FOR REVIEW

Is it error to permit hearsay outcry testimony from two outcry witnesses concerning the same sexual offense event over objection?

Does the erroneous admission of multiple hearsay witnesses to an outcry become harmless simply because the outcry declarant testified to the same facts contained in the hearsay?

## ARGUMENT

The victim testified concerning events of sexual abuse she says were committed upon her by Petitioner. These events of sexual abuse included hand touching breast, mouth touching breast, hand touching vagina, mouth touching

---

[1] Petitioner's request for an extension of time to file his Petition was granted.

2

vagina, mouth touching penis and penis touching anus. The State sought to offer hearsay "outcry" testimony[2] from two different adult witnesses pursuant to Article 38.072 § 2 Texas Code of Criminal Procedure. The first of these hearsay witnesses, Ms. Abbott a CPS supervisor testified that the victim told her that Petitioner put his mouth to her vagina and breast or touching her privacy spot with his tongue and licked her chest. (RR. II, 121-122; RR. III, 153-154). The second outcry witness Ms. Hallum a forensic interviewer for CPS testified that the victim told her that Petitioner put his mouth to her vagina, his hand to her vagina, his penis to her anus and mouth. (RR. III,38). Ms. Hallum had interviewed the victim *after* she was interviewed by Ms. Abbott. Petitioner objected to the testimony of Ms. Hallum, arguing that it should be *limited* to discussing the specific acts that were not described to Ms. Abbott. Petitioner's objections were overruled. (RR. III, 15).

The statute provides that such statements can be admitted if they describe the alleged offense, and were made to the first person, 18 years of age or older other than the defendant. More than one outcry witness may testify where there are multiple outcry witnesses to different events. The outcry statute contemplates allowing the first person to whom the child described the offense in some discernable manner to testify about the statements the child made. Garcia v. State,

---

[2] Outcry evidence is considered substantive evidence, admissible for the truth of the matter asserted. Rodriguez v. State, 819 S.W.2d 871, 87 (Tex. Crim. App. 1991).

3

792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The outcry statute is not person-specific but event-specific. As stated in Broderick v. State, 35 S.W.3d 67, 73-74 (Tex. App. – Texarkana 2000). pdr. ref'd.:

> Before more than one outcry witness may testify, however, the outcry must be about different events, and not simply a repetition of the same event as related by the victim to different individuals. From a careful reading of the outcry witness statute, we conclude that there may be two proper outcry witnesses if they each testify about different events, but there may be only one outcry witness to the victim's statement about a single event. The proper outcry witness to a single event is the first adult person other than the defendant to whom the victim made a statement describing the incident.

> (See also Reynolds v. State, 227 S.W.3d 355, 369 (Tex. App. – Texarkana 2007, no pet.))

The Second Court of Appeals acknowledges that "hearsay is not admissible except as provided by statute or by the rules of evidence. See Long v. State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). (slip opinion at 3). The Court in its opinion affirming the judgment of conviction decides that the inadmissible hearsay admission was harmless. It so holds without really addressing whether the admission was error, "Assuming without deciding that the trial court abused its discretion by admitting Hallum's testimony" (slip opinion at 4). The Court decides that the admission of the inadmissible hearsay "did not influence the jury verdict or had but a slight effect." (slip opinion at 4). The Court also used as justification to affirm the judgment of conviction that admission of evidence is harmless if *other evidence proves the same fact* that the inadmissible evidence sought to prove is

4

admitted without objection at trial." (slip opinion at 5). Astonishingly, the Second Court concludes that admission of hearsay in violation of the very statute that permits admission is harmless error if the declarant to the hearsay also testified to the asserted facts. This completely ignores the harm caused by the repeated admission of hearsay statements by a declarant to support the State's case by showing the *consistency* of the declarant. The fact that the victim's testimony alone to the alleged facts is sufficient to support conviction is irrelevant to the issue of admission of hearsay in violation of the statute.

The decision of the Second Court of Appeals is in conflict with the decisions of another Court of Appeals and the statute that pertains to the issue. This Court should grant review to resolve the conflict and to firmly establish that adherence with the statute permitting admission of hearsay testimony must be observed.

## **PRAYER**

For the reasons herein alleged, Appellant prays that this Court grant this Petition, and upon review, reverse the Court of Appeals' decision and remand Appellant's case for a new trial where only that hearsay permitted by statute will be admitted, and for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/ Wes Ball
WES BALL
State Bar No. 01643100
4025 Woodland Park Blvd., Suite 100
Arlington, Texas 76013
Email: WBnotices@ballhase.com
Tel: 817-860-5000
Fax: 817-860-6645

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

On this 30th day of June, 2015, I hereby certify that a true and correct copy of the above and foregoing Appellant's Petition for Discretionary Review was forwarded to the following:

Tarrant County District Attorney
Appellate Division
401 W. Belknap
Fort Worth, Texas 76196

State Prosecuting Attorney
PO Box 12405
Austin, Texas 78711

Kevin D. Talkington, *Petitioner*

/s/ WES BALL
WES BALL

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that the Appellant's Brief was prepared using Microsoft Word, and according to that program's word count function, the document contains 811 words.

/s/ Wes Ball
WES BALL,
Attorney for Appellant

No. PD-0658-15

# IN THE COURT OF CRIMINAL APPEALS

# FOR THE STATE OF TEXAS

*******

## KEVIN D. TALKINGTON

Appellant

VS.

## THE STATE OF TEXAS,

Respondent

*******

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

## APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00064-CR

KEVIN D. TALKINGTON                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1269829D

----------

## MEMORANDUM OPINION[1]

----------

### I.    Introduction

Appellant Kevin D. Talkington appeals his conviction for indecency with a child and aggravated sexual assault of a child.  In a single issue, Talkington argues that the trial court abused its discretion by allowing two witnesses to

---

[1]*See* Tex. R. App. P. 47.4.

testify as to what Jane,[2] the complainant, told them about Talkington's alleged inappropriate conduct toward her. We affirm.

## II. Facts and Procedural Background

In January 2011, Jane, Talkington's eleven-year-old stepdaughter, made an outcry of sexual abuse to CPS investigator Jennifer Abbott. Jane told Abbott that Talkington had "touched her privacy spot with his tongue, . . . licked her chest, . . . put her on top of the washer and . . . laid on top of her and kissed her and that one time in the shower that he pulled the curtain back [and] told her to bend over and shake her tushy." Following this interview, Abbott took Jane to Alliance for Children, where Jane told forensic interviewer Joy Hallum that Talkingtion had "put[] his mouth onto her vagina, touch[ed] her vagina with his hands, put[] his penis to her anus, put[] his penis to her vagina, and then [had] her put her mouth onto his penis."

At trial, Talkington objected to the "outcry" testimony of both Hallum and Abbott. Specifically, Talkington argued that Abbott's testimony was unreliable and Hallum's testimony should be limited to discussing the specific acts that Abbott did not describe. The trial court held an outcry hearing and, after listening to the testimony, overruled the objection.

In addition to hearing Hallum's and Abbott's testimony, the jury also viewed the video of Hallum's forensic interview with Jane and heard testimony from Jane

---

[2]To protect the privacy of the child, we refer to the child by a pseudonym.

herself. Jane testified at length, describing several instances in which Talkington had touched her inappropriately. Jane told the jury that Talkington placed his hands and mouth on her breast and then moved his hands to her vagina. She testified that another time Talkington had put his mouth on her vagina. Jane also described another instance in which Talkington placed his mouth and hands on her vagina and then engaged in anal sex with her. Lastly, Jane told the jury that Talkington made her put her mouth on his penis. She testified that while the anal sex only happened once, the touching with his hands and mouth happened often.

The jury found Talkington guilty of two counts of indecency with a child by contact and three counts of aggravated sexual assault. The court sentenced Talkington to forty years' confinement for aggravated sexual assault and fifteen years' confinement for indecency.

### III. Applicable Law

Hearsay is not admissible except as provided by statute or by the rules of evidence. *See Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 establishes a hearsay exception for statements made by a child "to the first person, 18 years of age or older, other than the defendant, to whom the [victim] . . . made a statement about the offense." Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a)(3) (West 2005 & Supp. 2014); *see also Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). Admissible outcry witness testimony is not person-specific but event-specific. *Id.*; *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). In cases where a child has been victim

3

to more than one instance of sexual assault, it is possible to have more than one proper outcry witness. *Solis v. State*, No. 02-12-00529-CR, 2014 WL 1663405 at *4 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (mem. op., not designated for publication); *see also Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd).

### IV. Argument and Analysis

Talkington asserts on appeal that the trial court abused its discretion "in permitting and not limiting the testimony of outcry witness Joy Hallum to the matters not already disclosed to Jennifer Abbott." Specifically, the trial court allowed both outcry witnesses to testify to essentially the same act of aggravated sexual assault. Abbott testified that Jane told her that Talkington had touched her vagina with his tongue, and Hallum testified that Jane told her that Talkington put his mouth on her vagina. Jane also testified, without objection, to the same facts that were contained in her outcry statements to both Abbott and Hallum. Jane described two specific and distinct instances in which Talkington had placed his mouth on her vagina.

Assuming, without deciding, that the trial court abused its discretion by admitting Hallum's testimony, we must determine whether the error was harmful. "The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect." *Broderick*, 35 S.W.3d at 74 (citing *Johnson v. State*, 967

4

S.W.2d 410, 417 (Tex. Crim. App. 1998)). Likewise, admission of inadmissible evidence is harmless error if other evidence that proves the same fact that the inadmissible evidence sought to prove is admitted without objection at trial. *Id.*

Here, Jane's testimony as to the facts mirrored the contents of the outcry statement testified to by Hallum. As Jane's testimony alone was sufficient to convict Talkington, we are reasonably certain that if the testimony given by Hallum concerning the oral sex performed on Jane by Talkington influenced the jury verdict at all, it had but a slight effect. Tex. Crim. Proc. Code Ann. art. 38.07(b)(1) (West 2005 & Supp. 2014); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that a child victim's testimony was sufficient to support appellant's conviction for aggravated sexual assault despite her unsophisticated terminology and rough time-frame of events). Therefore, assuming, without deciding, that the trial court erred in admitting part of Hallum's testimony, we hold that the error was harmless and overrule Talkington's sole issue.

## V.   Conclusion

Having overruled Talkington's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

5

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2015